**In the Matter of Leslie Owen MURPHY and Darlene Jane Murphy, Debtors.**

**Hugh A. MINER, trustee, Movant**

v.

**Leslie Owen MURPHY and Darlene Jane Murphy, Respondents**

**Nodaway Valley Bank, Intervenor.**

**Bankruptcy No. 88–00371–SJ–7–DJS.**

United States Bankruptcy Court,
W.D. Missouri,
St. Joseph Division.

Dec. 9, 1988.

Hugh A. Miner, St. Joseph, Mo., pro se.

John Manring, Utz, Litvack, Summers, Powers & Manring, St. Joseph, Mo., for debtors/respondents.

Arthur B. Federman, Gary D. Barnes, Linde, Thomson, Langworthy, Kohn & Van Dyke, P.C., Kansas City, Mo., for Nodaway Valley Bank.

FINDINGS OF FACT, CONCLUSIONS OF LAW AND FINAL ORDER DENYING RESPONDENTS' OBJECTION TO ABANDONMENT OF C.C.C. CERTIFICATES TO INTERVENOR

DENNIS J. STEWART, Chief Judge.

The objection of the respondents to the trustee's proposed abandonment of C.C.C. certificates to the intervenor is now before the court for resolution. The certificates are in the amount of $2,189.68. The parties have stipulated that:

"the sole issue to be decided by the Court ... is whether or not said Certificates can be lienable to any entity other than the United States Government.

"In the event that this Court finds that entities other then the United States Government can take a lien in the commodity certificates from CCC, the parties

---

stipulate and agree that Nodaway Valley Bank has a valid perfected first lien in the subject CCC certificates and is entitled to the certificates which are the subject of this action."

On the basis of the stipulation of facts thus filed, the court concludes that the certificates are lienable to parties other than the government and that the debtors' objection to the proposed abandonment must therefore be denied. See *In re Harvie,* 84 B.R. 197, 201 (Bkrtcy.D.Colo.1988), to the following effect:

"(Applicable laws) do not prevent one who is entitled to the benefits from pledging the benefits as security on loans properly made under state law. Simply because the government will refuse to deliver benefits to an assignee not appearing on the proper federal forms does not mean that an assignor can totally disregard legal obligations to the assignee. Such 'anti-assignment' provisions are intended to insulate the government as benefit provider from conflicting claims over payments, not to pre-empt state commercial law as between third parties."

Accordingly, it is hereby

ORDERED that the objections of the respondent debtors to the trustee's proposed abandonment of the above described C.C.C. certificates to the intervenor Nodaway Valley Bank be, and they are hereby, denied.